UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NICK FERNANDEZ,                              :

                Plaintiff,      :      18 Civ. 4540 (HBP)

  -against-                                 :      OPINION
                                                           AND ORDER
MASTERYPRO GROUP,                            :

                Defendant.      :

------------------------------------X

        PITMAN, United States Magistrate Judge:

        Plaintiff brings this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et al., and the New York Labor Law (the "NYLL") seeking to recover unpaid overtime premium pay and damages to compensate plaintiff for his allegedly wrongful termination.  Specifically, plaintiff claims that his employment was terminated in retaliation for his complaints about defendant's failure to pay overtime premium pay.  Finally, plaintiff seeks statutory damages from defendant's alleged failure to provide wage notices as required by the NYLL.  The parties have now reached a settlement, and the matter is before me on the parties' joint application for approval of the settlement.  All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff alleges that he was employed by defendants as an office manager from October 2017 through April 2018.  Plain-

tiff alleges that during his employment he worked approximately 45 hours per week for a period of 15.4 weeks and that he received no compensation at all for the hours worked beyond 40 hours per week. Plaintiff calculates that he is owed $2,661.43 for this work. He also claims that when he complained about not receiving overtime pay, his employment was terminated. Defendant denies any wrongdoing and claims that plaintiff was properly paid throughout the period of his employment. The parties participated in the Court's annexed mediation program and agreed to settle the matter for a total of $3,000.00, $2,000.00 of which will be paid to plaintiff and $1,000.00 of which will be paid to plaintiff's counsel as a contingency fee. Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quota-

2

tion marks omitted).  In <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted).  With the exception of a few non-monetary provisions discussed below, the settlement here satisfies these criteria.

First, plaintiff's net settlement -- $2,000.00 after deducting counsel's one-third contingency fee -- represents approximately 75% of his allegedly unpaid overtime pay.  This percentage is clearly reasonable, given the uncertainties inherent in any litigation. <u>See</u> <u>Chowdhury v. Brioni America, Inc.</u>, 16 Civ. 344 (HBP), 2017 WL 5953171 at *2 (S.D.N.Y. Nov. 29, 2017) (Pitman, M.J.) (net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); <u>Redwood v. Cassway Contracting Corp.</u>, 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2 (S.D.N.Y. Oct. 8, 2017) (Pitman, M.J.) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); <u>Felix v. Breakroom Burgers &</u>

3

Tacos, 15 Civ. 3531 (PAE), 2016 WL 3791149 at *2 (S.D.N.Y. Mar. 8, 2016) (Engelmayer, D.J.) (net settlement of 25% of FLSA plaintiff's maximum recovery is reasonable).

Second, the settlement will entirely avoid the expense and aggravation of litigation. The principal factual issue in this matter -- whether plaintiff worked any hours in excess of forty hours per week and, if so, how many -- would have led to protracted and costly litigation, likely involving multiple depositions and document discovery to explore the hours plaintiff actually worked. The settlement avoids this burden.

Third, the settlement will enable plaintiff to avoid the risk of litigation. Given the parties' factual dispute concerning the hours plaintiff worked, it is uncertain whether, or how much, plaintiff would recover at trial.

Fourth, because the settlement was reached in a mediation before one of the Court's volunteer mediators, I am confident that the settlement is the product of arm's-length bargaining between experienced counsel.

Fifth, there are no factors here that suggest the existence of fraud. The facts that the proposed settlement is a substantial fraction of plaintiff's claimed unpaid wages and that the settlement was reached in mediation negate an inference of fraud.

There are, however, several troublesome non-monetary provisions of the settlement agreement. First, the settlement contains a paragraph entitled "Mutual Non-Cooperation" which provides as follows:

> To the extent permitted by law, each Party agrees that they will not knowingly encourage, counsel or assist any attorneys (or their clients) in the pursuit of any disputes, differences, grievances, claims, charges, or complaints by any such private third-parties against the other Parties, and each of them, and/or any of their Released Parties, unless required to do so pursuant to a subpoena or other court order.

Such clauses are impermissible because they are contrary to the FLSA's remedial purposes. Fu v. Mee May Corp., 15 Civ. 4549 (HBP), 2017 WL 2172910 at *2 (S.D.N.Y. Mar. 31, 2017); Zapata v. Bedoya, No. 14-CV-4114 (SIL), 2016 WL 4991594 at *2 (E.D.N.Y. Sept. 13, 2016); Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016) (Nathan, D.J.); Alvarez v. Michael Anthony George Constr. Corp., 11 CV 1012 (DRH)(AKT), 2015 WL 3646663 at *1 (E.D.N.Y. June 10, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (Kaplan, D.J.).

Second, the settlement agreement contains a broad non-disparagement clause. Such a clause is also prohibited to the extent that it does not contain a carve-out for truthful statements by the parties concerning either's experiences during plaintiff's employment or during the litigation. E.g., Zackery v. Rondinone Studio LLC, 19 Civ. 1191 (RA), 2019 WL 3006405 at *2

5

(S.D.N.Y. July 10, 2019) (Abrams, D.J.); Velandia v. Serendipity 3, Inc., 16 Civ. 1799 (AJN), 2018 WL 34187776 at *3-*4 (S.D.N.Y. July 12, 2018) (Nathan, D.J.); Galindo v. East County Louth, Inc., 16 Civ. 9149 (KPF), 2017 WL 5195237 at *5 (S.D.N.Y. Nov. 9, 2017) (Failla, D.J.).

Finally, the settlement also contains a provision prohibiting plaintiff from ever seeking employment with defendant or any of the released parties in the future. This provision is also impermissible. Olano v. Designs by RJR, Ltd., 17 Civ. 5703 (WHP), 2017 WL 4460771 at *3 (S.D.N.Y. Oct. 6, 2017) (Pauley, D.J.) (describing a re-employment prohibition as being one of the "'greatest hits'" of the provisions that are unacceptable under Cheeks); accord Payano v. 1652 Popham Assocs., LLC, 17 Civ. 9983 (HBP), 2019 WL 464231 at *3 (S.D.N.Y. Feb. 6, 2019); Fu v. Mee May Corp., supra, 2017 WL 2172910 at *2; Baikin v. Leader Sheet Metal, Inc.., 16 Civ. 8194 (ER), 2017 WL 1025991 at * 1 (S.D.N.Y. Mar. 13, 2017) (Ramos, D.J.).

Because, the settlement agreement contains a severability clause, the non-cooperation and no-re-employment provisions are stricken. The non-disparagement provision is amended to permit truthful statements by plaintiff or defendant

about either the litigation or the parties' experiences during the term of plaintiff's employment.[1]

Finally, the settlement provides that one-third of the settlement figure -- $1,000.00 -- will be paid to plaintiff's counsel as a contingency fee. I find this fee to be reasonable; contingency fees of one-third in FLSA cases are routinely approved in this Circuit. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit").

---

[1] I note that the settlement agreement is entitled "Settlement and General Release Agreement" and that each page bears a header that also reads "Settlement and General Release." The settlement agreement itself, however, does not contain a general release. Thus, I conclude that the title and header are of no effect.

I also note that this figure is less than one-eighth of counsel's lodestar figure.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter with the amendments noted on pages 6-7, above. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of the Court is respectfully requested to mark this matter closed.

Dated: New York, New York
       September 16, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

8